353 So.2d 820 (1977)
STATE of Florida, Plaintiff,
v.
Ronald BASILIERE, Defendant.
No. 50658.
Supreme Court of Florida.
October 20, 1977.
Rehearing Denied January 30, 1978.
*821 Richard E. Gerstein, State Atty., and George Volsky, Asst. State Atty., Miami, for plaintiff.
Bennett H. Brummer, Public Defender, Julian S. Mack and Thomas S. Wilson, Jr., Asst. Public Defenders, Miami, for defendant.
KARL, Justice.
We have before us certified questions from the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, relating to the use of deposition testimony as evidence in a criminal trial upon a finding of unavailability of the witness. It appears that the questions presented herein are determinative of the cause and are without controlling precedent in this state. We have jurisdiction to answer the certified questions. Florida Appellate Rule 4.6, Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963), Boyer v. City of Orlando, 232 So.2d 169 (Fla. 1970).
Ronald Basiliere was charged with aggravated battery upon Edward Daly. Defendant's attorney filed a notice to take the deposition of Daly pursuant to Florida Criminal Procedure Rule 3.220(d). The victim appeared at the deposition and was examined, under oath and in the presence of an official court reporter, by defense counsel although defendant, in custody at the Dade County jail, was not present during the taking of said deposition. Following the taking of his deposition, the victim *822 became unavailable as a result of his death from natural causes. Because the deposition testimony is material to the state's case, the state will be unable to proceed with the case without the deposition testimony. Therefore, the state has filed a motion to use the deposition testimony of the victim as evidence in the defendant's trial.
The trial court has certified the following questions as dispositive of the cause:
"I. Whether the use of the deposition testimony at trial violates defendant's confrontation rights under the Sixth Amendment to the United States Constitution and under Article I, Section 16, Florida Constitution, inasmuch as the defendant was not present during the taking of the deposition by his attorney and defendant received no notice that said deposition could be used at his trial.
"II. Whether Fla.R.Crim.P. 3.220(d), which provides for discovery depositions and says that they `may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness,' yet does not provide, as does the comparable Fla.R.Civ.P. 1.330(a)(3), for the use of said deposition as evidence at trial upon a finding of unavailability of the witness, precludes the use of the deposition testimony as evidence at trial upon the finding of unavailability of the witness."
Section 16 of the Declaration of Rights, Florida Constitution, provides in pertinent part:
"In all criminal prosecutions the accused ... shall have the right ... to confront at trial adverse witnesses."
Florida Criminal Procedure Rule 3.220(d) provides in part:
"At any time after the filing of the indictment or information the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged. The deposition shall be taken in a building where the trial may be held, such other place agreed upon by the parties or where the trial court may designate by special or general order. The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the place of taking. Except as provided herein, the procedure for taking such deposition, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness... ."
Rule 3.190(j), Florida Criminal Procedure Rules, which relates to depositions to perpetuate testimony, provides:
"(1) After an indictment or information upon which a defendant is to be tried is filed, the defendant or the State may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. If the application is made within ten days before the trial date, the court may deny the application.
.....
"(3) If the deposition is taken on the application of the State, the defendant and his attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the *823 time and place and shall produce the defendant at the examination and keep him in the presence of the witness during the examination... ."
We find that, under the circumstances presented sub judice and rules of this Court, the deposition of the victim is not admissible as evidence in defendant's trial.
Defendant was in custody at the time the deposition was taken. In order to perpetuate Daly's testimony, the state would have had to proceed under Fla.R. Crim.P. 3.190(j), which requires, inter alia, the defendant's presence during the examination of the witness.
Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920), involved inter alia the objection to introduction of testimony given at a former trial of the case of two witnesses who had become unavailable for the new trial due to illness. This Court held:
"Where a defendant has been confronted with the witnesses against him in a former trial of the same cause, and an opportunity was afforded to the defendant to fully cross-examine the witnesses, the testimony given by witnesses on such former trial may be proved in the manner provided by law at a subsequent trial as secondary evidence, if it is satisfactorily shown that the witnesses have since died, become insane, left the jurisdiction of the court, or are sick and unable to attend or to testify; and the admission of such evidence under the circumstances does not violate the organic right of an accused to meet the witnesses against him face to face. [Cases cited.]"
In Richardson v. State, 247 So.2d 296 (Fla. 1971), this Court was confronted with the question of whether the trial court erred in allowing several state witnesses to testify as to their recollection of one Ernell Washington's testimony at Richardson's preliminary hearing regarding Richardson's confession to the poisoning of his children. Richardson was present and was represented by counsel at the time Washington testified. At this time, defense counsel cross-examined Washington. Washington was murdered before trial. No court reporter had been present at the preliminary hearing to transcribe his testimony. Therein, this Court explicated:
"A time-honored and universally recognized exception to the hearsay rule is the so-called `former testimony' exceptions. Under this rule, evidence of third parties as to the testimony of a deceased witness given under oath in a preliminary hearing or other judicial proceeding where the defendant was represented by counsel, had opportunity to confront and cross-examine the witness, is admissible in a subsequent trial.
.....
"There are statements in the Davis case [Davis v. State, 65 So.2d 307 (Fla. 1953)] to the effect that former testimony given at a preliminary hearing is not entitled to be received on an equal basis with testimony given at a former trial because of the nature of the preliminary hearing. We have found no authorities recognizing such a distinction. Whether the former testimony was given at a preliminary hearing or at a former trial, is immaterial so long as there was full and adequate opportunity to confront and cross-examine the witness." Richardson. supra, at pp. 300, 302.
The Second District Court of Appeal, in Chapman v. State, 302 So.2d 136 (Fla.2d DCA, 1974), in reversing a rape conviction based inter alia on incriminating deposition testimony of a telephone company employee who had moved to New York, opined:
"The defendant, who was in custody at the time, was neither notified nor brought to the taking of the deposition as the rule unmistakably requires..."
.....
"The use of a deposition, taken in the involuntary absence of a defendant, as evidence against him violates the defendant's right to be personally present during his trial and his Sixth Amendment right to confront witnesses. The presence of defendant's counsel, considering the unreasonably short notice he was given of the deposition taking, is insufficient *824 to cure the error... ." Chapman v. State, supra, at 138.
Although holding that defendant can lose his right to be present at trial if, after being warned by the judge that he will be removed if his disruptive behavior continues, he continues to act in such a disorderly, disrespectful and disruptive manner that his trial cannot be carried on with him in the courtroom, the Supreme Court of the United States, in Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), recognized the right to be present in the courtroom at every stage of his trial, as one of the most basic of the rights guaranteed by the confrontation clause.[1]
Elaborating on the right of the accused to be confronted with the witnesses against him, the Supreme Court of the United States, in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), described the right as meaning more than being allowed to confront the witnesses physically and as securing as its primary interest the right of cross-examination and explained:
"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is `always relevant as discrediting the witness and affecting the weight of his testimony.' 3A J. Wigmore Evidence § 940 p 775 (Chadbourn rev 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."
Defendant contends that it cannot be said that he waived his constitutional right of confrontation since, at the time of deposition, defendant had no idea that deponent would die and that his only opportunity to confront the deponent would be at the deposition. According to the certificate of facts, the subject deposition is essential to the prosecution of the defendant. Yet, when the defendant sought discovery through means of deposition, it was only to ascertain facts upon which the charge was based. Being unaware that this deposition would be the only opportunity he would have to examine and challenge the accuracy of the deponent's statements, defendant could not have been expected to conduct an *825 adequate cross-examination as to matters of which he first gained knowledge at the taking of the deposition.[2]
As to the second question certified, we hold that Rule 3.220(d), Florida Criminal Procedure Rules, providing that depositions may be used for the purpose of contradicting or impeaching testimony of the deponent as a witness provides the exclusive use of depositions in criminal proceedings unless Rule 3.190(j), Florida Criminal Procedure Rules, is met.
Accordingly, for the foregoing reasons, the questions certified are answered in the affirmative.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Relative to the admissibility of testimony of a witness (one of the victims) given at a former trial of defendant Stubbs on the same charges, the Supreme Court of the United States in Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 2314, 33 L.Ed.2d 293 (1972), held:

"Since there was an adequate opportunity to cross-examine Holm at the first trial, and counsel for Stubbs availed himself of that opportunity, the transcript of Holm's testimony in the first trial bore sufficient `indicia of reliability' and afforded `"the trier of fact a satisfactory basis for evaluating the truth of the prior statement,"' Dutton v. Evans, 400 U.S. 74, 89, 91 S.Ct. 210, 27 L.Ed.2d 213. The witness Holm, consistently with the requirement of the Confrontation Clause, could have been and was found by the trial court to be unavailable at the time of the second trial. There was, therefore, no constitutional error in permitting his prior-recorded testimony to be read to the jury at that trial, and no constitutional infirmity in the judgment of conviction resulting from that trial that would prevent the New York courts from considering that conviction in sentencing Stubbs as a second offender. The judgment of the Court of Appeals is therefore reversed.
Reversed."
[2] The Supreme Court, in Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968), stated:

"The State argues that petitioner waived his right to confront Woods at trial by not cross-examining him at the preliminary hearing. That contention is untenable. Not only was petitioner unaware that Woods would be in a federal prison at the time of his trial, but he was also unaware that, even assuming Woods' incarceration, the State would make no effort to produce Woods at trial. To suggest that failure to cross-examine in such circumstances constitutes a waiver of the right of confrontation at a subsequent trial hardly comports with this Court's definition of a waiver as `an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966)."