390 So.2d 407 (1980)
STATE of Florida, Petitioner,
v.
Lenard B. DOLEN, Jr., Respondent.
No. 80-565.
District Court of Appeal of Florida, Fifth District.
November 5, 1980.
Rehearing Denied November 25, 1980.
*408 Jim Smith, Atty. Gen., Tallahassee, Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for petitioner.
John W. Tanner, Daytona Beach, for respondent.

WRIT OF CERTIORARI
FRANK D. UPCHURCH, Jr., Judge.
The state petitions for a writ of common law certiorari pursuant to Rule 9.100, Florida Rules of Appellate Procedure, and article V, section 4(b)(3), Florida Constitution, seeking review of a pre-trial order denying the state's motion for a protective order requesting that the discovery deposition of the victim of a sexual battery be taken out of the presence of respondent.
Respondent and one Clifford Glen Snider were arrested and charged with the sexual battery of the woman respondent now seeks to depose. Snider has been convicted and is now serving his sentence for that offense. The state alleges that the witness is a woman of Peruvian descent in her mid-fifties who speaks little or no English, suffers from a heart condition and is fearful of confronting respondent. The witness has already testified in two preliminary hearings and at the trial of Snider.
The record reflects that the trial judge based his determination on the belief that the sixth amendment right to confrontation allowed, if not required, defendant's presence at a discovery deposition and on the failure of the state to present contrary case authority.
Respondent contends that the trial judge's denial of the protective order does not violate the essential requirements of law which is necessary for this court's assumption of jurisdiction. The basis for this contention was that at the hearing the state failed to raise the question of the witness's heart condition or her physical health, and that the litigants must first present an issue to the trial court rather than raise it for the first time on an appellate level.
Article I, section 16 of the Constitution of the State of Florida, states:
In all criminal prosecutions the accused shall ... have the right ... to confront at trial adverse witnesses. (Emphasis added.)
The taking of a deposition of a witness which may or may not be used at trial cannot be construed as a part of the trial within the above constitutional mandate.
The right to take a deposition in criminal proceedings for discovery purposes is afforded by Rule 3.220, Florida Rules of Criminal Procedure. Prior to the adoption of the criminal rules in 1967, a defendant in a criminal prosecution had no right to take discovery depositions. State v. Lampff, 155 So.2d 10 (Fla. 2d DCA 1963), appeal dismissed, 166 So.2d 891 (1964). It is significant to note that the rule permitting a deposition to perpetuate testimony requires the presence of the defendant unless the *409 defendant who is not in custody waives his right to appear. In State v. Basiliere, 353 So.2d 820 (Fla. 1978), the Florida Supreme Court discussed the two types of depositions in the context of defendant's sixth amendment right of confrontation. In that case, the defendant was charged with aggravated battery upon Edward Daly. Defense counsel moved to take the deposition of Daly pursuant to Rule 3.220(d). Defendant, in custody, was not present. Daly died before the trial. The state then moved to use the deposition as substantive evidence. The court held that the deposition was inadmissible and that to have perpetuated the testimony, the state should have proceeded under Rule 3.190(j) which requires the defendant's presence during the examination of the witness. Because defendant was not present and his counsel could not have been expected to conduct an adequate cross-examination, the use of the deposition would have violated defendant's sixth amendment right of confrontation. Unless the provisions of Rule 3.190(j) are also met (i.e., defendant is present at the deposition), depositions taken pursuant to Rule 3.220(d) (i.e., discovery depositions) may be used only for contradiction or impeachment and not as substantive evidence. Id. at 835.
The sixth amendment guarantees the right of an accused to confront the witnesses against him; however, the primary interest secured by the clause is the right of cross-examination rather than the right of physical confrontation. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). An adequate opportunity for cross-examination may exist even in the absence of physical confrontation Douglas v. Alabama, 380 U.S. 414, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The confrontation or examination guaranteed by the sixth and fourteenth amendments is confrontation at trial. Nelson v. O'Neal, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). Thus, an out of court statement made in the absence of the accused may be admitted as evidence as long as the declarant testifies at the trial and is subject to full and effective confrontation. Id. at 627, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222. The scope of the "trial" has not been extended to discovery depositions[1] as they are not true judicial proceedings.
There is no rule of criminal procedure, statute or constitutional provision mandating the presence of the defendant at a discovery deposition. Thus, his exclusion is a matter of sound judicial discretion. Rule 3.220(d) states: "the defendant may take the deposition... . While the rule contemplates his right to take the deposition, this cannot be construed to give him the right to conduct the questioning if he is represented by an attorney. To afford each defendant in custody an absolute right to attend the taking of each deposition no matter what the location, security, or cost would place an unmeasureable burden upon the state.
In this instance, the state has alleged that the witness, victim of the crime, is in poor physical and mental health and has expressed a deep fear of a close one-to-one confrontation with defendant. In the exercise of its discretion, the court should consider the cost, inconvenience and security of transporting a defendant to the deposition and the effect on the mental and physical well-being of the witness, as well as the detriment to the defendant if he is not able to attend. Here, the state has alleged that a probable and great detrimental effect would occur upon the witness far outweighing any possible benefit the accused may attain by being personally present at the deposition.
The court based its ruling on an absolute right of confrontation contrary to the basic requirements of law due the state. The state has no remedy by appeal. Therefore, we grant certiorari and remand to the trial court for reconsideration of the motion for the protective order to determine whether the potential detrimental effect upon the *410 witness outweighs the interest or benefit to the defendant.
Writ of certiorari is issued and the order denying the state's motion for protective order is quashed.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] See Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867, 873 n. 4 (Fla. 1st DCA 1979)-no judge is present at the taking of a discovery deposition and no rulings or adjudications are made by any judicial authority.