471 So.2d 6 (1985)
Anthony Siliah BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 64247.
Supreme Court of Florida.
May 2, 1985.
Rehearing Denied July 11, 1985.
Michael E. Allen, Public Defender and Michael J. Minerva, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
McDONALD, Justice.
Anthony Brown appeals his conviction of first-degree felony murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1) of the state constitution. Because of error, we reverse Brown's conviction and sentence and remand for a new trial.
Prior to trial the state petitioned the trial court, pursuant to Florida Rule of Criminal Procedure 3.190(j), to take a deposition to perpetuate the testimony of one of the state's witnesses. This witness, a sheriff's deputy, would be unavailable at the trial due to being outside the State of Florida. The court granted the motion, and the state noticed defense counsel of the deposition.
Rule 3.190(j) provides in part:
(3) If the deposition is taken on the application of the State, the defendant and his attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody *7 of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep him in the presence of the witness during the examination.
Although defense counsel received notice and attended the deposition, Brown, himself, received no such notice. Moreover, Brown's jailers did not take him to the deposition. It therefore appears that the state failed to comply with the rule governing taking depositions to perpetuate testimony. See State v. Basiliere, 353 So.2d 820 (Fla. 1977); State v. Dolen, 390 So.2d 407 (Fla. 5th DCA 1980).
The state now argues that Brown waived his right to be present at the deposition because he failed to object to using the deposition at trial on the basis of his absence at its taking. We find, however, that the state's failure to follow rule 3.190(j)(3) created fundamental error by depriving Brown of his constitutional right to confront and cross-examine the witnesses against him. There is no way to correct this error, and we must grant Brown a new trial. Because Brown is receiving another trial, we decline to discuss the other points raised on appeal.
We therefore reverse Brown's conviction and sentence and remand for a new trial.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
ALDERMAN, J., dissents with an opinion, in which SHAW, J., concurs.
ALDERMAN, Justice, dissenting.
Although Florida Rule of Criminal Procedure 3.190(j) provides that the defendant be notified and be present at the deposition, admission of a deposition absent the fulfillment of these requirements is not automatic reversible error. It is incumbent on the defendant to object to the using of this deposition on the basis of his absence in order to properly preserve this point for appellate review. When the deposition was read into evidence, the record evidences no objection by defendant on the ground that he was absent at the time it was taken nor does he mention this alleged prejudicial absence at the time of his motion for new trial.
The trial court was not afforded the opportunity to consider this point. If defendant had objected at trial on this basis, the trial court could have decided that this testimony should be excluded. If the trial court had denied his objection and permitted introduction of this testimony, then defendant would have a valid point on appeal and would be entitled to a new trial. He should not be able to await the outcome of his trial, with the expectation that, if found guilty, his conviction will be automatically reversed. Here, defendant "sandbagged" the state. He remained silent, allowed the testimony to be admitted, awaited the outcome of the trial, and then after conviction and sentence, he raised this issue for the first time on appeal. Had he timely objected, this error could have been avoided.
SHAW, J., concurs.