476 So.2d 292 (1985)
Kenneth FLEMMINGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1106.
District Court of Appeal of Florida, Third District.
October 8, 1985.
*293 Bennett H. Brummer, Public Defender, and Arthur Carter and John H. Lipinski, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant seeks review of his conviction and sentence for armed robbery.
The direct proof of the instant offense shows that the victim, a cab driver, picked up the defendant in the course of business in downtown Miami and drove him across town to the vicinity of 63rd Street and 14th Avenue in Liberty City where defendant produced a firearm, took the victim's money, ordered him out of the vehicle, and drove off.
The guideline sentence for defendant was seven to nine years but the trial court, departing from the guidelines, imposed a fifteen-year sentence. In attempted compliance with Florida Rule of Criminal Procedure 3.701, the following reasons were given for exceeding the guidelines:
(1) The defendant was convicted of the crimes charged.
(2) The defendant had two prior convictions.
(3) The facts of the case were gruesome.
(4) The defendant (through other witnesses) placed perjured alibis and testimony before the court.
(5) The defendant has shown total disregard for the justice system. The defendant was on parole when the instant offense was committed.
(6) All prior efforts at rehabilitation have failed.
(7) The firearm used in the offenses was a deadly weapon.
(8) The defendant has not shown any remorse.
(9) The defendant has used dilatory tactics to offset the system of justice.
(10) If he is not prevented, the defendant will continue to commit crimes.
Decisions of the various courts interpreting the new sentencing guidelines have invalidated most of the grounds relied upon by the trial court in departing from the guidelines.[1] The State concedes that grounds one, four, seven, and eight are invalid.
Defendant contends further that there was no sentencing proceeding as such because he had no opportunity to refute the factual findings made by the court, particularly that he was on parole at the time the instant offense was committed and that he had two prior convictions.
The State argues that the sentence should stand because no clear abuse of discretion has been shown. We disagree. What constitutes an abuse of discretion under the sentencing guidelines probably escapes exhaustive categorization. We start with the stated purpose of the sentencing guidelines  to eliminate unwarranted disparity and promote uniformity of sentences on a statewide basis. Albritton v. State, 476 So.2d 158 (Fla. 1985). As the case law has developed, pre- and post-guidelines, it seems clear that abuse of discretion is present where the court considers *294 factors which are irrelevant or unreliable, see Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983), or where, for the purpose of enhancing a sentence, the court gives reasons which are already factored into the guideline scoresheet. See Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985).
We hold that under the circumstances a fact-finding sentencing proceeding was required, and that most of the reasons stated by the trial court for enhancing the sentence were either irrelevant or already factored into the guideline scoresheet.
We find no merit in the appeal from the conviction.
The conviction is AFFIRMED, the sentence is REVERSED, and the cause is REMANDED for resentencing.
NOTES
[1] The invalidated grounds and the cases relied upon in invalidating each are:

Ground 1: See Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1984).
Ground 3: Thomas v. State, 461 So.2d 234 (Fla. 1st DCA 1984).
Ground 4: See Garcia v. State, 466 So.2d 1211 (Fla. 4th DCA 1985); Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985) (defense of innocence is improper reason for deviation).
Ground 7: Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985).
Ground 8: Pope v. State, 441 So.2d 1073 (Fla. 1983); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
Ground 9: See Sarvis v. State.
Ground 10: See Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).