499 So.2d 43 (1986)
Robert Allen SELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. BI-157.
District Court of Appeal of Florida, First District.
December 22, 1986.
*44 Michael E. Allen, Public Defender, and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence adjudicating appellant guilty of grand theft and sentencing appellant outside the guidelines to three years of imprisonment. Appellant has raised three issues; we affirm in part and reverse in part.
First, we affirm the trial court's decision to restrict the cross-examination of a witness, as no abuse of the trial court's discretion has been demonstrated. See Powe v. State, 413 So.2d 1272 (Fla. 1st DCA 1982).
Next, relying on Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984), we hold that the trial court is not required to give appellant notice of its intention to depart from the sentencing guidelines. Further, contrary to appellant's assertion, we do not find Flemmings v. State, 476 So.2d 292 (Fla. 3d DCA 1985), in conflict with our position. Specifically, we agree that "it seems clear that abuse of discretion is present where the court considers factors which are irrelevant or unreliable." Id. at 293. Stated alternatively, this court requires that the reasons a trial court states for departing from the recommended guidelines sentence must be supported by evidence in the record. See Battles v. State, 483 So.2d 849 (Fla. 1st DCA 1986). Accordingly, we recognize that, in some circumstances, a factfinding sentencing proceeding may be required.
Finally, we reverse and remand for resentencing. In departing from the recommended guidelines range, the trial court impermissibly relied on the fact that appellant had been "arrested 29 times since 1973." Rule 3.701(d)(11), Florida Rules of Criminal Procedure, prohibits a departure from the recommended guidelines based on prior arrests without convictions. In this case, ten of the 29 arrests are not supported by convictions. Further, appellant's convictions were already factored into the recommended guidelines sentence and cannot support departure. See State v. Mischler, 488 So.2d 523 (Fla. 1986). Accordingly, we affirm in part, reverse in part, and remand for resentencing.
*45 JOANOS and ZEHMER, JJ., and VICTOR M. CAWTHON, Associate Judge, concur.