572 So.2d 929 (1990)
Larry CLARK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-1503, 89-1748.
District Court of Appeal of Florida, Fifth District.
November 15, 1990.
Rehearing Denied January 17, 1991.
*930 James B. Gibson, Public Defender, and George D.E. Burden, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Clark appeals his sentences and convictions for armed burglary[1] of a conveyance and grand theft.[2] He argues the court erred when it admitted as substantive evidence at trial the discovery deposition of a state witness who was unavailable at the time of the jury trial. He also argues on appeal that the reasons the trial court imposed a "departure sentence"[3] were legally insufficient. One reason was because Clark burglarized an on-duty police deputy's car and stole the deputy's personal backup handgun. We agree on the first point, and reverse and remand for a new trial.
At the trial, the state presented three witnesses and the discovery deposition. Deputy Walthers testified he parked his patrol car in front of the Harlem Pleasant Cafe in Sanford, Florida, and went into the neighborhood on foot to search for a person for whom arrest warrants had been issued. Walthers thought he locked the patrol car.
When Walthers returned, some thirty minutes later, he discovered his 9 millimeter semiautomatic handgun was missing. Walthers kept his handgun in a green bag between the front seats of the car. He began questioning people he saw in the vicinity. Two were Maxine Campbell and Knight.
Campbell testified she was having dinner on her upstairs porch when she saw the deputy drive up and park across the street from her, with the rear of the car facing her. After he left, she saw Clark go to the rear door on the driver's side, reach in, and open the front door. She saw him grab something off the seat, and leave. But she did not see what he took.
Pursuant to section 90.804(2)(a), Florida Statutes (1987), the state then proffered a discovery deposition given by Knight. That provision, a part of Florida's Evidence Code, states that if a declarant is unavailable as a witness, his testimony will not be considered to be hearsay, if it was:
[G]iven as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
Defense counsel argued only that Knight was not shown by the state to be "unavailable." The prosecutor had merely failed to locate him at his rooming house and had not made adequate efforts to subpoena him for trial. The trial judge recessed the trial to consider how effective and bona fide the prosecutor's efforts had been to subpoena Knight. No record was made of the judge's inquiries, but he later announced he had ruled that Knight was "unavailable."
Just prior to the playing of the tape of the deposition for the jury, defense counsel again objected. But his sole point was that the court should instruct the jury that Knight was unavailable, and thus his earlier deposition was being used in place of a live appearance. The trial judge agreed to do so.
Knight's discovery deposition had been taken a few months before the trial pursuant to Florida Rule of Criminal Procedure 3.220 by defense counsel. Clark was not present. In his deposition, Knight reported *931 what he had heard "from the street" or "people talking." However, Knight did say Clark told him that he had had the stolen gun; and that he "got rid of it." Knight did not see the gun, and Clark did not admit to Knight that he stole it from the deputy.
The last state witness was Fisher, a man who lived in the neighborhood. He testified that shortly after the burglary, Clark offered to sell him a gun for $100.00. Fisher refused because he did not need it.
The next day policemen came to Fisher's home. They assumed Fisher either had the stolen gun or knew its whereabouts. They questioned him about Walther's 9 millimeter gun. Fisher testified he did not see the gun Clark tried to sell him, and he did not know if it was Walther's stolen weapon.
The jury returned guilty verdicts as to armed burglary and grand theft. The guidelines presumptive sentencing bracket was 3 1/2 to 4 1/2 years. At the sentencing hearing the trial judge imposed concurrent sentences of 8 years and 5 1/2 years. Since the offenses in this case took place after October 1, 1988, the trial court could have gone up to 5 1/2 years (the top of the permitted range) without giving reasons for his "departure." Fla.R.Crim.P. 3.988. The reasons for the departure sentence were: The victim was a law enforcement officer and the offense was committed while the defendant had pending an unrelated criminal case.

I. ADMISSIBILITY OF THE DISCOVERY DEPOSITION AND HARMLESS ERROR
It is now well-established that discovery depositions taken pursuant to Florida Rule of Criminal Procedure 3.220 are not admissible in criminal trials as substantive evidence, and they may be used only as the rule provides, to contradict or impeach the deponent's testimony. State v. Basiliere, 353 So.2d 820 (Fla. 1977); James v. State, 400 So.2d 571 (Fla. 5th DCA 1980), affirmed, 402 So.2d 1169 (Fla. 1981). Section 90.804(2)(a) of the evidence code does not change this rule in criminal cases. Only depositions taken pursuant to Florida Rule of Criminal Procedure 3.190(j) to perpetuate testimony are admissible in criminal trials as substantive evidence. Campos v. State, 489 So.2d 1238 (Fla. 3d DCA 1986); Jackson v. State, 453 So.2d 456 (Fla. 4th DCA 1984); Terrell v. State, 407 So.2d 1039 (Fla. 1st DCA 1981); Robidoux v. State, 405 So.2d 267 (Fla. 4th DCA 1981).
The admission of Knight's deposition in this case was error. However, defense counsel failed to raise the proper objection to its admissibility at trial. Therefore, we can only consider this issue on appeal if the error is "fundamental" or one of constitutional stature involving fundamental rights. Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982), rev. denied, 430 So.2d 452 (Fla. 1983); Brady v. State, 518 So.2d 1305, 1308 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 576 (Fla. 1988).
The Florida Supreme Court held in Basiliere that the basis for excluding discovery depositions in criminal trials was to protect a defendant's Sixth Amendment right to cross-examine and confront witnesses against him.[4] In Basiliere, as in this case, defense counsel conducted the discovery deposition which was admitted at trial as substantive evidence. The court said it is unrealistic to expect defense counsel to conduct a vigorous or adequate cross-examination of a witness when counsel has no idea the witness will not be available at trial, and he is merely trying to discover the basis for the charges against his client.[5]
In Brown v. State, 471 So.2d 6 (Fla. 1985), the court held that the erroneous admission of a discovery deposition at a criminal trial constituted fundamental error *932 in the sense that no timely objection at trial was necessary in order to preserve the point on appeal. The court said:
There is no way to correct this error, and we must grant Brown a new trial.
Id. at 7. Significantly, the Brown court did not consider or apply the "harmless error" doctrine.
However, in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), decided one year after Brown, the court held that the harmless error doctrine should be applied to violation of a defendant's Fifth Amendment rights (comment at trial on the defendant's post-arrest silence). It followed Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967):
Automatic reversal of a conviction is only appropriate when the constitutional right which is violated vitiates the right to a fair trial. Chapman holds that comment on the failure to testify is not constitutionally subject to automatic reversal because it does not always vitiate the right to a fair trial and the harmless error analysis should be applied. [C]onstitutional errors, with rare exception, are subject to the harmless error analysis.
Id. at 1134.
Were we to apply the harmless error test in this case, we might reach a different conclusion, because the circumstantial evidence of Clark's guilt is extremely strong. Relying on Brown, we hold that fundamental error occurred below, no timely objection was required to preserve the point on appeal, and this cause must be reversed for a new trial without consideration of the harmless error doctrine. However, because we are in doubt on that latter point, we certify the following question to the supreme court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(B)(i), as one of great public importance.
IN A CASE WHERE THE DEFENDANT'S SIXTH AMENDMENT RIGHTS ARE VIOLATED BY THE IMPROPER ADMISSION OF A DISCOVERY DEPOSITION IN A CRIMINAL TRIAL AS SUBSTANTIVE EVIDENCE, MAY THE APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE AS INDICATED IN CHAPMAN AND DIGUILIO?

II. SENTENCING
Since Clark's convictions must be reversed and a new trial granted, the departure sentences likewise are quashed, and we need not address the validity of the reasons for departure given by the trial court. However, by way of guidance in the event of a retrial, we note that one reason given by the trial judge was clearly invalid: the unrelated pending criminal cases. The guidelines prohibit use of arrests and charges of criminal activity which have not culminated in convictions[6] for scoring or departure reasons. Sellers v. State, 499 So.2d 43, 44 (Fla. 1st DCA 1986).
The second reason given by the trial court might be legally sufficient, however. Basically, a harsher punishment was imposed because the victim of the burglary and theft was an active police officer engaged in his police duties. In Roberts v. Louisiana, 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977), the United States Supreme Court recognized that the states have a legitimate interest in affording special protection to law enforcement officers. Accordingly, our supreme court ruled in State v. Baker, 483 So.2d 423 (Fla. 1986) that shooting a uniformed police officer was a valid reason to depart upwards because of the victim's status and job.
In this case, unlike Roberts and Baker, the police officer was not shot or personally threatened with violence. His official car was burglarized and his personal weapon was stolen. However, burglarizing a deputy's car and stealing the deputy's backup weapon while he is engaged in his official duties appears to us almost as much a threat to the officer's ability to function in his job as personally threatening him with violence.
It is but a shade less grave. Should the deputy's car have been harmed or disabled, or should the deputy have been placed in danger because of the loss of his backup *933 weapon, his ability to perform his official duties would have been impaired. The fact that these crimes did not harm the deputy or impair his ability to function in this case was purely fortuitous. These acts could have placed him in peril or impaired his ability to function.
For these reasons, we think a police officer's duty vehicle and equipment are also entitled to special protection by society. This is part of the quid pro quo for the dangerous but essential job police officers are asked to perform for society's benefit. In this day and age of motor cars, to be effective police officers must be more than "foot-soldiers." See Roberts at 97 S.Ct. 1993, 1996 and 1998 (Blackmun and Rehnquist, JJ., dissenting).
REVERSED and REMANDED for new trial; QUESTION CERTIFIED.
GOSHORN, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The issue here is whether the admission at trial of the discovery deposition of a witness, as opposed to a deposition to perpetuate testimony, constituted fundamental error  i.e., one "which goes to the foundation of the case or goes to the merits of the cause of action." See Ray v. State, 403 So.2d 956, 960 (Fla. 1981); Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The imprecision of this definition affords the prospect for disparate applications, dependent upon varying individual notions of fair play among reviewing judges. It is my notion that the admission of Knight's deposition testimony without objection (at least, without relevant objection) does not constitute fundamental error.
Knight's counsel took the discovery deposition and did not object to its admissibility at trial on the basis of any denial of confrontation or full cross-examination. The majority's reliance on State v. Basiliere, 353 So.2d 820 (Fla. 1977) is misplaced. That case did not deal with the doctrine of fundamental error, but rather with the admissibility vel non of a discovery deposition at trial, which was the issue raised before the trial court and certified to the Florida Supreme Court. Merely because testimony is objectionable on a constitutional ground does not mean its admission without objection rises to the level of fundamental error. Otherwise, every case wherein hearsay was admitted without objection would be automatically reversible on appeal  and that obviously is not the rule.
Brown v. State, 471 So.2d 6 (Fla. 1985) is distinguishable on the basis that it involved the use at trial of a deposition taken by the state in violation of the express notice requirements of Florida Rule of Criminal Procedure 3.190(j). In the instant case, the deposition in dispute was taken by the defense, and there was no breach of any notice requirement on the part of the state. Moreover, in light of the more recent case of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the continued viability of Brown is dubious.
If the admission of Knight's deposition testimony was not fundamental error, then it was not error at all, given the absence of any valid objection to its admissibility.[1] Thus, there is no reason to consider the harmless error doctrine in this case.
I would affirm.
NOTES
[1] § 810.02(2), Fla. Stat. (1987).
[2] § 812.014(2)(c)3, Fla. Stat. (1987).
[3] Fla.R.Crim.P. 3.701.d.11.
[4] See also State v. Dolen, 390 So.2d 407 (Fla. 5th DCA 1980).
[5] Some other courts that have considered this problem when defense counsel takes a witness' deposition, have concluded the defendant's right of cross-examination is not violated. See McCormick on Evidence, 3d Ed. Ch. 25, § 255 (1984); Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (preliminary hearing testimony).
[6] Fla.R.Crim.P. 3.701.d.5. and 11.
[1] The only possibility of non-fundamental error by the trial court would be a showing on appeal that the trial court erred in its ruling on Knight's unavailability as a witness at trial. But that point has not been raised on appeal.