614 So.2d 453 (1992)
STATE of Florida, Petitioner,
v.
Larry Eugene CLARK, Respondent.
No. 77461.
Supreme Court of Florida.
September 24, 1992.
Rehearing Denied March 25, 1993.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and George D.E. Burden, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
McDONALD, Justice.
We review Clark v. State, 572 So.2d 929, 932 (Fla. 5th DCA 1990), because it certified the following question as one of great public importance:
IN A CASE WHERE THE DEFENDANT'S SIXTH AMENDMENT RIGHTS ARE VIOLATED BY THE IMPROPER ADMISSION OF A DISCOVERY DEPOSITION IN A CRIMINAL TRIAL AS SUBSTANTIVE EVIDENCE, MAY THE APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE AS INDICATED IN CHAPMAN AND DIGUILIO?

We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and quash the opinion under review, but, because the error was harmful in this case, we approve the result reached by the district court.
The State charged Clark with armed burglary of a conveyance and grand theft for taking a deputy's personal handgun from *454 his patrol car. Defense counsel deposed the State's witnesses, but Clark did not attend the depositions. When one of the witnesses, Leon Knight, could not be located at the time of trial, the prosecutor sought to introduce his discovery deposition. The defense questioned whether Knight was truly unavailable, but made no other objection to using his deposition. The trial court found Knight unavailable and admitted the deposition. The jury convicted Clark as charged. On appeal, however, the district court relied on State v. Basiliere, 353 So.2d 820 (Fla. 1977), and Brown v. State, 471 So.2d 6 (Fla. 1985), and held that admitting a discovery deposition as substantive evidence is error even in the absence of a proper objection at trial. The court reversed Clark's convictions and certified the above-stated question.
Being present when evidence is presented and confronting and cross-examining witness are basic constitutional rights. U.S. Const. amend. VI; art. I, § 16, Fla. Const. In Basiliere this Court held that, because the defendant was not present at the discovery deposition and had no notice that the deposition testimony could be used at trial, using the deposition as substantive evidence violated the Sixth Amendment and article I, section 16. Brown considered the failure to follow the dictates of Florida Rule of Criminal Procedure 3.190(j) regarding taking depositions to perpetuate testimony and held that "the state's failure to follow rule 3.190(j)(3) [by notifying prisoner Brown of the deposition and producing him at the deposition] created fundamental error by depriving Brown of his constitutional right to confront and cross-examine the witnesses against him." 471 So.2d at 7. We allowed this to be raised for the first time on appeal.[1]
Neither Basiliere nor Brown, however, considered whether a harmless-error analysis could be applied to using a discovery deposition as substantive evidence. In State v. DiGuilio, 491 So.2d 1129, 1134 (Fla. 1986), we stated "that constitutional errors, with rare exceptions, are subject to harmless error analysis," and adopted the harmless-error test from Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), i.e., "the burden [is] on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." DiGuilio, 491 So.2d at 1135. The United States Supreme Court has held that violations of the Confrontation Clause are subject to a harmless-error analysis. Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). As stated in Van Arsdall: "The harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." 475 U.S. at 681, 106 S.Ct. at 1436 (citation omitted). We agree with this statement and answer the certified question in the affirmative.
This answer does not end our inquiry, however, because this case has not been analyzed under the harmless-error rule. Whether an error is harmless "depends upon a host of factors," including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on *455 material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." Id. at 684, 106 S.Ct. at 1438. Additionally, "[t]he central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666 (1990). Knight did not give his deposition testimony in an adversarial proceeding, and his deposition provided proof not testified to by any other witness. We cannot say beyond a reasonable doubt that using Knight's deposition as substantive evidence did not affect the jury's finding Clark guilty. Introducing the deposition, therefore, constituted harmful, not harmless, error.[2]
Thus, although we answer the certified question in the affirmative, we approve the district court's reversal of Clark's convictions and its remand for a new trial.
It is so ordered.
BARKETT, C.J., and OVERTON, KOGAN and HARDING, JJ., concur.
SHAW, J., dissents with an opinion, in which GRIMES, J., concurs.
SHAW, Justice, dissenting.
I disagree with the majority's analysis on two grounds. First, I cannot accept the notion that once an error is determined to be fundamental (i.e., error that "goes to the foundation of the case," Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970), or "reaches into the very legality of the trial itself," State v. Smith, 240 So.2d 807, 810 (Fla. 1970)) it can thereafter be subjected to traditional harmless-error analysis.[3] Second, I do not agree that use of the deposition in this instance constituted fundamental error. See Brown v. State, 471 So.2d 6, 7 (Fla. 1985) (Alderman, J., dissenting). Because Clark did not properly object, the issue was not preserved. I would therefore affirm the convictions.
GRIMES, J., concurs.
NOTES
[1] Brown v. State, 471 So.2d 6, 7 (Fla. 1985), more properly should have read "created error affecting a constitutional right when it deprived Brown of his right to confront and cross-examine the witness against him."

This Court has indicated that for error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process.
* * *
[It] should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.
Ray v. State, 403 So.2d 956, 960 (Fla. 1981).
[2] If a deposition is used to supply relevant noncumulative evidence, it is unlikely that the harmless-error test can be met.
[3] See, e.g., United States v. Young, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985) (such a practice "is contrary to the ... intention behind [the fundamental error rule], and one that courts have studiously avoided and commentators have properly criticized" (citation omitted)). See also 3A Charles A. Wright, Federal Practice and Procedure § 856, at 344 (2d ed. 1982) (such a practice constitutes "a strange doctrine").