786 So.2d 634 (2001)
Fred HANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-532.
District Court of Appeal of Florida, First District.
May 15, 2001.
Rehearing Denied June 14, 2001.
James T. Miller, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, and Karla D. Ellis, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
In this direct appeal, Fred Hanks raises two points as fundamental error. Specifically, Hanks argues that the trial court failed to make case specific findings of reliability of hearsay by a child victim of sexual battery pursuant to section 90.803(23), Florida Statutes (1999). Hanks also asserts that the trial court erred by permitting the introduction into evidence of a doctor's deposition, in lieu of trial testimony, where Hanks was not present during the deposition. We affirm.
First, Hanks argues that the trial court erred because its findings, pursuant *635 to section 90.803(23), were not case specific as "the court merely referred to the criteria in 90.803(23) or referred to other matters without a specific factual finding." Although Hanks raises this issue as one of fundamental error, "a trial court's failure to make sufficient findings under section 90.803(23) in and of itself does not constitute fundamental error." Anderson v. State, 655 So.2d 1118, 1119 (Fla.1995). Therefore, we affirm on this point.
In the second issue, Hanks argues, through appellate counsel, that the trial judge committed fundamental error by allowing portions of the doctor's deposition to be read to the jury. During the trial, Dr. Samuel Moorer, who had examined the victim, was not available to testify, and defense counsel agreed to the prosecutor's request to have portions of the doctor's deposition testimony read in place of his live testimony. Hanks asserts that, although defense counsel agreed to this, the court did not question Hanks to determine if he agreed with this procedure. Hanks points out that he was not present during the deposition and the deposition was not taken to perpetuate testimony pursuant to Florida Rule of Criminal Procedure 3.190(j). Hanks argues that his confrontation rights were violated and relies on two cases in support of his argument: State v. Basiliere, 353 So.2d 820 (Fla.1977), and Brown v. State, 471 So.2d 6 (Fla.1985).
We acknowledge the progression of cases, including those cited by Hanks, generally addressing these issues. See State v. Clark, 614 So.2d 453, 454 (Fla.1992). Nevertheless, the decision in Clark leaves unclear whether the use of a deposition in this fashion constitutes fundamental error. In that case, although defense counsel raised an objection when the State sought to introduce the deposition as evidence, counsel evidently did not raise to the trial court the specific ground argued on appeal, that is, that the use of the deposition as substantive evidence violated the defendant's constitutional right to confront and cross-examine witnesses against him. See Clark, 614 So.2d at 454. In a footnote, the court suggests that the fundamental error doctrine should rarely be applied, even in confrontation clause cases. See id. at 454 n. 1. The court went on to apply a harmless-error analysis and found that the use of the deposition in that case constituted harmful error. See id. at 455.
In the present case, defense counsel did not fail to object simply when the State sought to admit the deposition as substantive evidence; instead, counsel actually agreed to the publication of the deposition to the jury. In the deposition, Dr. Moorer testified that he found no physical signs of sexual abuse. He also testified that this did not mean no such abuse occurred. Defense counsel presumably agreed to the admission of this evidence because he could use it to support his position that the alleged sexual battery never happened; indeed, counsel made this argument in closing. This case thus involves an affirmative waiver by defense counsel of Hanks' constitutional right to confront this witness.
"[A] defendant may waive constitutional rights ... so long as the waiver is knowing, intelligent, and voluntary." Blair v. State, 698 So.2d 1210, 1213 (Fla. 1997). In addition, the Florida Supreme Court has indicated that fundamental error may be waived by a tactical decision on the part of defense counsel. In Armstrong v. State, the court held that by affirmatively requesting an abbreviated version of the standard instruction on excusable homicide, defense counsel waived fundamental error. 579 So.2d 734, 735 (Fla.1991). In a footnote, the court rejected appellant's argument that a personal on-the-record waiver was required:
We reject Armstrong's contention that his personal on-the-record waiver was required in this situation. Defense *636 counsel's request for the limited instruction was a tactical decision. This distinguishes it from a waiver of a fundamental right which requires defendant's on-the-record waiver.
Id. at 735 n. 1; see Thomas v. State, 730 So.2d 667, 668 (Fla.1998) ("Where counsel communicates to the trial judge his acceptance of the procedure employed, the issue will be considered waived."); State v. Lucas, 645 So.2d 425, 427 (Fla.1994) (recognizing exception to fundamental error doctrine "where defense counsel affirmatively agreed to or requested the incomplete instruction"). The Armstrong court observed, "Any other holding would allow a defendant to intentionally inject error into the trial and then await the outcome with the expectation that if he is found guilty the conviction will be automatically reversed." Id. at 735.
We find the analysis in Armstrong applicable here. By agreeing to the admission of Dr. Moorer's deposition testimony, defense counsel waived any claim of error. As in Armstrong, any other holding would allow defense counsel, when faced with a request by the State to allow deposition testimony, to stipulate to its admission, knowing that if the defendant is found guilty, the defendant will automatically get a new trial. Moreover, this is not a situation requiring a personal on-the-record waiver by the defendant himself. See State v. Singletary, 549 So.2d 996, 997 (Fla.1989) ("During the course of a criminal trial, defense counsel necessarily makes many tactical decisions and procedural decisions which impact upon his client. It is impractical and unnecessary to require an on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer,... or the right to a jury trial.... The defendant may even waive the right to testify without personally having to express his intent on the record.").
As a matter of sound policy, we would be remiss to author an opinion that, in practical effect, encourages counsel to knowingly allow the trial court to commit error. Counsel must give the trial court an opportunity to correct any error before bringing it to the appellate court. Without such a procedure, the system breaks down and trial attorneys, attempting to serve as effective counsel, could deliberately decide not to make objections, knowing that defendants, if convicted, can raise such error on appeal and possibly win a new trial. See, e.g., State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984) ("The contemporaneous objection rule ... was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors.... The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant."), receded from on other grounds, Cargle v. State, 770 So.2d 1151, 1154 n. 2 (Fla.2000); Clark v. State, 363 So.2d 331, 335 (Fla.1978) ("If the defendant, at the time the improper comment is made, does not move for mistrial, he cannot, after trial, in the event he is convicted, object for the first time on appeal. He will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed."), overturned on other grounds, State v. DiGuilio, 491 So.2d 1129, 1137 n. 14 (Fla.1986).
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., CONCUR.