833 So.2d 252 (2002)
Maurice A. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4041.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
*253 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
In Chicone v. State, 684 So.2d 736 (Fla. 1996), our supreme court held that knowledge that the substance is illegal is an element of the crime of drug possession and that failure to so instruct the jury, when the instruction is requested, is error. In this case such an instruction was not requested, but appellant argues that it was fundamental error. We agree that it was under the facts in this case.
Appellant was driving with a passenger, when an officer initiated a stop for a traffic infraction. While the vehicles were still moving, the officer observed white objects being thrown from the passenger's window which turned out to be cocaine in baggies. Additional drugs were found on both the driver's and passenger's sides of the floor of the car.
The passenger testified that neither of them owned the car, but that after appellant noticed the officer following them, appellant told the passenger to roll down the window and appellant threw the items out of the car. Appellant, who made his own opening statement, stated that he was not the owner of the car, and that it had been loaned to the passenger. He also said that he had no knowledge of the contents of the vehicle and that the passenger was merely attempting to exculpate himself.
In closing argument, both sides acknowledged that the issues were whether appellant had control of the drugs and whether he had knowledge of the illegality of the substance. Appellant did not request a Chicone guilty knowledge instruction, and such an instruction was not given. He appeals his convictions for possessing *254 cocaine, heroin and marijuana, as well as other offenses, but only argues one point, whether the court committed fundamental error in not giving the instruction.
Whether the failure to give such an instruction can be fundamental error, where knowledge that the substance is an illegal drug is in issue, appears to be a question of first impression. It was held not to be fundamental error in State v. Delva, 575 So.2d 643, 645 (Fla.1991), because the court determined that guilty knowledge was not an issue in that case. The court explained:
Because knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection.
The present case, in which guilty knowledge was an issue, is therefore distinguishable from Delva.
In Scott v. State, 808 So.2d 166, 169, 170-71 (Fla.2002), our supreme court clarified its holding in Chicone:
[G]uilty knowledge of the illicit nature of the possessed substance is an element of the offense of possession of a controlled substance. The State has the burden of proof in any prosecution to demonstrate each element of the offense beyond a reasonable doubt. Since knowledge is an element of the offense, the State has the burden of proving the defendant's possession was knowing. Moreover, the jury is entitled to be instructed on the elements of an offense.
It has long been the rule in Florida that failure to instruct the jury on an essential element of an offense can be fundamental error. See Croft v. State, 117 Fla. 832, 158 So. 454 (1935); Westerheide v. State, 831 So.2d 93(Fla.2002). We know from Delva, however, that this error is not always a fundamental one. As the Delva court explained:
"[F]undamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal. [citations omitted]
Delva, 575 So.2d at 644-45 (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)).
What we glean from Delva is that the failure to instruct on an essential element of a crime may be fundamental error in some cases but not in others, depending on the factual issues. This would be consistent with Florida Supreme Court decisions emphasizing that in order to be a fundamental error, an error must be significant. As the court observed in Maddox v. State, 760 So.2d 89, 95-96 (Fla.2000):
[T]he Court has described fundamental error as error that "goes to the foundation of the case or the merits of the cause of action." J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998); see State v. Smith, 240 So.2d 807, 810-11 (Fla.1970); see also Gudinas v. State, 693 So.2d 953, 961 (Fla.1997) ("Fundamental error is `error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'") (quoting Archer v. State, 673 So.2d 17, 20 (Fla.1996), which was quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). This Court has also defined fundamental error as one "where the interests of justice present a compelling demand for its application." Sochor v. State, 619 So.2d 285, 290 (Fla. 1993) (quoting Ray v. State, 403 So.2d *255 956, 960 (Fla.1981)); see Smith v. State, 521 So.2d 106, 108 (Fla.1988).
See also Sochor v. State, 619 So.2d 285, 290 (Fla.1993)(fundamental error amounts to a denial of due process).
In Scott, 808 So.2d 166, our supreme court held that if a guilty knowledge instruction is requested, and guilty knowledge is an issue, the failure to give such an instruction cannot be harmless. Because such an instruction was requested in Scott, the court did not have to address whether it was fundamental error; however, the fact that the court held that it could not be harmless leads us to conclude that this is the significant type of error which would be fundamental in the present case.
The state argues that even a fundamental error can be harmless. Although there are cases from this court which have analyzed fundamental error for harmlessness, see, e.g., Anderson v. State, 780 So.2d 1012 (Fla. 4th DCA 2001), this practice is not supported by precedent.[1] In Delva, 575 So.2d at 645, the Florida Supreme Court analyzed the significance of the error before determining if the error was fundamental. The Delva court concluded that because there was no issue about guilty knowledge, the error in not instructing on the element of the crime did not reach the level of fundamental error. We have found no Florida Supreme Court cases which have found an error to be fundamental, but harmless.[2]
An error is harmless if "there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). An error which is so significant as to be fundamental under Maddox cannot also be harmless.
We reverse the drug possession related convictions for a new trial, affirming only the conviction for driving with a suspended license.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] See Richard J. Sanders, Unpreserved Issues in Criminal Appeals, 76-AUG Fla. B.J. 51 n. 18 (2002), which concludes that opinions from this court which have engaged in a harmless error analysis of fundamental error are aberrations. The assumption that fundamental errors can still be harmless may have arisen from the fact that constitutional errors, which are not necessarily fundamental errors, can be harmless, DiGuilio, and can be waived. Ray v. State, 403 So.2d 956 (Fla. 1981).

In United States v. Young, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), the Court observed that engaging in a harmless error analysis of a fundamental error "is contrary to the ... intention behind [the fundamental error rule], and one that courts have studiously avoided and commentators have properly criticized" (citation omitted). See also 3A Charles A. Wright, Federal Practice and Procedure § 856, at 344 (2d ed.1982) (such a practice constitutes "a strange doctrine").
[2] In Reed v. State, 783 So.2d 1192 (Fla. 1st DCA 2001), the first district concluded that our supreme court found fundamental error to be subject to harmless error review in State v. Clark, 614 So.2d 453 (Fla.1992). Although that is one possible interpretation of Clark, it is not necessarily the only one, because footnote 1 in Clark suggests that the court considered the error to be a constitutional error rather than a fundamental one. In addition, the certified question being reviewed in Clark was limited to the issue of whether a violation of the Sixth Amendment right to confront and cross-examine witnesses could be harmless. The court answered that this constitutional error could be harmless, but it was not harmless under the facts.