411 So.2d 985 (1982)
William PALMIERI, Petitioner,
v.
The STATE of Florida, Respondent.
No. 81-2628.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for petitioner.
*986 Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for respondent.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This is an application for writ of common law certiorari to review an order of the Circuit Court of the Eleventh Judicial Circuit, Appellate Division, affirming the defendant's misdemeanor conviction emanating from the county court. We have appellate jurisdiction to review such an order by common law certiorari. State v. Katz, 108 So.2d 60 (Fla.3d DCA 1959).
The focal point for our consideration is whether the State presented a sufficient showing of the unavailability of a key witness to permit the use of his deposition testimony at trial. We hold that the State was unsuccessful in this regard.
Rule 3.190(j), Florida Rules of Criminal Procedure, provides for the perpetuation of deposition testimony after the filing of an indictment or information. Subsection (6) of that rule admonishes that "[n]o deposition shall be used or read in the evidence when the attendance of the witness can be procured."
In the instant case, the State properly obtained an order from the county court authorizing the perpetuation of the subject witness' testimony under the cited rule. The deposition was taken with at least the tacit understanding that it would not be used unless the State attempted and failed to procure the witness' attendance at trial. When the trial commenced, the assistant state attorney announced that the witness was unavailable. Upon questioning by the court, the prosecutor informed that the witness had said he was going to Los Angeles and didn't expect to be at the proceedings. The prosecutor had given his professional card to the witness, instructing him to telephone if he returned to town. The State had also mailed a subpoena to the witness at his local address, but since the regular mail had been used, the trial court could not determine whether the subpoena was ever received. Admittedly, nothing more was done to procure this witness' attendance. Over objection, the deposition was allowed into evidence and the defendant was convicted. The witness' testimony was the only testimony available by which the State made out a prima facie case.
There is a clear constitutional preference for in-court confrontation of witnesses. U.S.Const. amend. VI; Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597, 607 (1978); Art. I, § 16, Fla. Const.; State v. Dolen, 390 So.2d 407 (Fla. 5th DCA 1980). The purpose of the confrontation clause is to afford an accused the fundamental right to compel a witness "to stand face to face with the jury [or trier of fact] in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Barber v. Page, 390 U.S. 719, 721, 88 S.Ct. 1318, 1320, 20 L.Ed.2d 255, 258 (1968).
It is obvious that the State did not meet its burden under Rule 3.190(j), supra, to procure the attendance of the absent witness. See Shreve v. State, 361 So.2d 221 (Fla. 1st DCA 1978).
The error complained of constituted a departure from the essential requirements of law. Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964); Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979). We are compelled to grant certiorari and quash the circuit court's judgment of affirmance with directions to order reversal of the defendant's conviction before the county court.