RYDER, Chief Judge.
Edward Lee Wilson, Jr. was charged in a three-count information with the crimes of armed robbery, kidnapping and burglary of an occupied structure. Trial by jury was had and Wilson was acquitted of the burglary, but was found guilty of the armed robbery and kidnapping. After judgment and sentence were entered, Wilson appealed, alleging, inter alia, that his right to confrontation secured to him by the Sixth Amendment of the United States Constitution and section 16 of the Declaration of Rights, Florida Constitution had been violated. We agree and reverse.
During the preparation of the state’s case for trial, and while Wilson was in custody, the state attorney filed a motion to take the deposition of the victim in order to perpetuate his testimony. The court, in turn, granted the motion and ordered the taking of the deposition. Motions to take depositions to perpetuate testimony are permitted by Florida Rule of Criminal Procedure 3.190(j) which, in pertinent part, reads as follows:
(3) If the deposition is taken on the application of the state, the defendant and his attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep him in the presence of the witness during the examination....
This deposition was videotaped.
At time of trial, the victim’s videotaped deposition was introduced into evidence. Counsel for Wilson objected to the introduction of the deposition, stating that defendant had not been present during the taking of the victim’s testimony and that neither Wilson nor the jailer had been given notice pursuant to rule 3.190(j)(3). The trial court overruled the objection, stating that trial counsel had waived Wilson’s presence at the time of the taking of the deposition and, therefore, the videotape was shown to the jury. Trial counsel, however, indicated that at the time he indicated he did not need Wilson’s presence, he was then unaware that the rule required notification and presence of the defendant. Furthermore, Wilson’s attorney was under the impression that since the defendant was incarcerated there was no mechanism avail *274 able to insure that Wilson could be present at the taking of the deposition.
The record on appeal reflects that no notice was given to Wilson or to his jailer either by the motion of the state attorney or by the order of the trial judge approving the taking of the deposition. The use of a deposition, taken in the involuntary absence of a defendant, as evidence against him violates the defendant’s right to be personally present during his trial and his Sixth Amendment right to confront witnesses. Chapman v. State, 302 So.2d 136 (Fla. 2d DCA 1974). In Chapman, then Judge Mann, writing for our court, stated, “As Mr. Justice Cardozo noted in Snyder v. Massachusetts, 291 U.S. 97 at 114, 54 S.Ct. 330 at 335, 78 L.Ed. 674, ‘a defendant in the criminal case must be present at a trial when evidence is offered, for the opportunity must be his to advise with his counsel ... and cross-examine his accusers.’ (Citations omitted). Due to the nature of the error, we can only speculate as to what would have happened had defendant been actually present and been given the opportunity to advise with his counsel.” Id. at 138-39.
In similar circumstances, even when the defendant’s own attorney deposed the victim without the defendant’s presence, the supreme court found that admission of a deposition at trial without notice to a defendant in custody was reversible error as violative of the defendant’s rights relating to confrontation. State v. Basiliere, 353 So.2d 820 (Fla.1978).
The failure of the state to give the defendant notice as required by rule 3.190(j) was error. Allowing into evidence the deposition which followed, under the circumstances sub judice, was error. As we must reverse this matter and order a new trial, we do not consider the other points on appeal.
Reversed and remanded for a new trial.
SCHOONOVER and LEHAN, JJ., concur.