DOWNEY, Judge.
David A. McMillon appeals from a judgment of conviction and sentence of seventeen years’ imprisonment for the offense of attempted first-degree murder. The appellate issue involved is the admissibility of the pretrial deposition of the victim taken to perpetuate his testimony. We hold the evidence was proeedurally inadmissible on the facts of this case and reverse the judgment of conviction and sentence and remand for a new trial.
Lloyd Edwards, the victim of the crime alleged herein, was paralyzed as a result of the shooting; thus, the state made a pretrial oral request to videotape his deposition in order to perpetuate his testimony. Appellant agreed and signed a waiver of his personal presence at the taking of the deposition. However, his counsel was present and cross-examined the witness.
At trial, the state offered the deposition into evidence with no foundation other than the prosecutor’s statement that the witness could not travel due to his infirmities. In the colloquy and argument over admissibility, the state admitted it had not had any recent contact with the victim’s doctors in order to know his present condition. Appellant’s counsel, on the other hand, contended that, from his observation of the witness at the taking of the deposition, he believed the witness would be capable of attending and testifying. Appellant, therefore, maintained his objection to the admissibility of the deposition based on an inadequate foundation as required by the rules. The trial court held that appellant had waived his objection by not making it before trial and because the court believed, from observing the videotape, that the victim should not be required to attend, since he had to travel some four hours to court.
On appeal, appellant contends the trial court erred because there was an inadequate foundation to prove the witness’s inability to appear at trial and there was no waiver of the requirements of Florida Rule of Criminal Procedure 3.190(j). The state claims that 1) appellant waived any objection to use of the deposition at trial by consenting to the taking of it to perpetuate the victim’s testimony and 2) in all events, the error, if any, was harmless because the evidence was overwhelming that appellant shot the victim.
That there was a procedural error committed here is not arguable. The perpetuation of testimony by pretrial deposition is provided for by rule 3.190(j) when a prospective witness resides beyond the territorial jurisdiction of the court or may be unable or prevented from attending a hearing or trial. Subsection (6) of the rule further provides that “no deposition shall be used or read in the evidence when the attendance of the witness can be procured.” Thus, it is clear that the mere taking of a deposition to perpetuate testimony does not ipso facto qualify it for admission at a subsequent trial or hearing unless waived by the opposing party. It can only be used by agreement of the parties or when it becomes necessary due to the incapacity or inability of the witness to attend and testify. As the court said in Palmieri v. State, 411 So.2d 985, 986 (Fla. 3d DCA 1982), “[tjhere is a clear constitutional preference for in-court confrontation of witnesses.” Palmieri is an example of an appropriate case for using such a depo *1185 sition due to the incapacity of a witness. The suggestion that appellant waived any objection to using the deposition by not making the objection earlier is unfounded. Appellant was not called upon to object to the admissibility of the. deposition until it was offered into evidence by the state. In the present case, the state was simply unprepared to lay an adequate foundation for use of the deposition. The prosecutor’s statement that the witness was unable to travel to the court did not suffice, particularly when opposing counsel did not agree with the state’s assessment of the witness’s condition and the prosecutor admitted he had not recently been in contact with the witness’s doctor.
As a fallback position, the state contends the evidence was clear that appellant shot the victim, so resort to the harmless error rule was appropriate. We disagree because the critical evidence is what transpired immediately prior to the shooting, and the evidence other than the victim’s deposition is slim on that score. Accordingly, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), would preclude a holding of harmless error.
It is, therefore, with some reluctance that we conclude it is necessary to reverse the judgment of conviction and sentence and remand for a new trial.
WALDEN and GUNTHER, JJ., concur.