## STATE OF FLORIDA v TIMMONS

Case No. 89-21019

Thirteenth Judicial Circuit, Hillsborough County

January 17, 1991

### APPEARANCES OF COUNSEL

**Clay Yates,** Assistant State Attorney, for plaintiff.

**Paul D. Johnson, Esquire,** for defendant.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge

*ORDER DENYING STATE'S MOTION TO TAKE DEPOSITION TO PERPETUATE TESTIMONY*

THIS COURT has for its consideration a motion and supporting affidavit to take a deposition to perpetuate testimony filed by the State

of Florida pursuant to Florida Rule of Criminal Procedure 3.190(j).[1] On January 15, 1991 the Court conducted a hearing on the motion. Present before the Court was the Defendant's attorney, PAUL DUVAL JOHNSON, and Assistant State Attorney CLAY YATES representing the interests of the State of Florida. During the course of the hearing defense counsel orally announced his objections to the motion and subsequent to the hearing filed written objections.[2] The Court reserved ruling on the motion.

The Court has now had the opportunity to review the State's motion and supporting affidavit, the oral and written objections of the Defendant, the argument of counsel, and the applicable law. Although the Defendant has raised multiple objections, the Court only needs to focus on one issue—whether the proposed telephone deposition of the witness would violate the Defendant's Sixth Amendment right to confront a witness. The Court finds that it would.

A plain reading of the Rule reveals that it expressly contemplates that the Defendant and the witness be in the presence of each other at the deposition. The Rule provides that a Defendant not in custody "may be present at the examination" although he or she can waive that "right to be present." The Rule clearly mandates that a defendant in custody must be taken to the examination and kept "in the presence of the witness during the examination." Florida Rule of Criminal Procedure 3.191(j)(3). The failure to the presence of a defendant in custody "violates the defendant's right to be personally present during his trial and his Sixth Amendment right to confront witnesses." *Wilson v State,* 479 So.2d 273, 274 (2d DCA Fla. 1985). *State v Basiliere,* 353 So.2d 820, 823 (Fla. 1977) (Where a defendant was in custody at the time of the deposition Florida Rule of Criminal Procedure 3.190(j) required the defendant's presence during the examination of the witness.)

The Court thus concludes that the intent of the Rule is to insure that when a deposition is taken of a witness to perpetuate his or her

---

[1] Due to the location of the witness as detailed in the State's supporting Affidavit (he is currently in Saudi Arabia on the front lines as part of Operation Desert Shield), the State seeks to perpetuate the testimony of this witness by means of a telephone deposition where at the Assistant State Attorney, the Defendant, the defense attorney and the official court reporter would be present in the United States and the witness would be present in a foreign country. Obviously, the Defendant would not be in the "presence" of a witness during the course of the deposition.

[2] Defense counsel asserted he was unable to provide written objections prior to the hearing because of the short notice given as to when the hearing would take place. (See paragraphs 7 and 8 of the Defendant's written objections.) The Court accepts this representation and has considered the written objections.

testimony for trial purposes, the Defendant, whether in custody or not in custody, has a right *to be in the actual presence of the witness* during the deposition. The procedure suggested by the State of Florida in this case would clearly violate the intent of the Rule.[3]

Accordingly, for the reasons expressed, the State of Florida's Motion to Take Deposition to Perpetuate Testimony be and the same is hereby denied.[4]

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 17th day of January, 1991.

---

[3] Although the Court realizes that the State is faced with a unique situation given the present location and circumstances of the witness, there is nothing in the Rule to indicate that given these exceptional circumstances this Court can create an exception waiving the requirement that the Defendant and the witness be in each other's presence at the taking of the deposition. If such an exception is to be created, it is for the Florida Supreme Court to do so in accordance with the authority conferred on that Court by Article V, Section 2 of the Florida Constitution.

[4] The denial of this motion is without prejudice to the State. In the event that the State feels it can comply with the strict requirements of the Rule, the Court will entertain another motion to perpetuate the testimony of this witness.