SORONDO, J.
Everett Paul Lima (defendant), appeals an order of revocation of probation and sentence.
Defendant was charged with violation of probation by failing to live and remain at liberty without violating the law in that he committed the offense of domestic battery against his wife, Patricia Lima. Ms. Lima lives in Pennsylvania and the trial judge allowed the State of Florida to present her testimony at the violation hearing via sat *1174 ellite transmission for reasons discussed below. Her oath was administered by the deputy clerk in the Miami-Dade County courtroom.
At the conclusion of the hearing, the trial court found that defendant had violated his probation and sentenced him to thirty months in prison followed by one year probation with special conditions.
Defendant raises two issues in this appeal. First, he claims that the oath administered by the Deputy Clerk of the Circuit Court in Miami-Dade County was not valid because it did not satisfy the requirements of section 92.50(2), Florida Statutes (1997). Next, he claims that Ms. Lima’s “child care problems” do not satisfy the unavailability exception to the Confrontation Clause, and that the presentation of her testimony by satellite video transmission violated his right to confront his accuser. We address each argument in turn.
THE OATH
Defendant argues that pursuant to the terms of section 92.50(2), the oath administered to Ms. Lima by the deputy clerk in Florida was invalid. It follows then, the argument goes, that her statements were not testimony because they were not administered under a properly administered oath. See Orbe v. Orbe, 651 So.2d 1295 (Fla. 5th DCA 1995); Hamilton v. Alexander Proudfoot Co. World Headquarters, 576 So.2d 1339 (Fla. 4th DCA 1991). This identical argument was raised by the defense in Harrell v. State, 709 So.2d 1364 (Fla.), cert. denied, — U.S. -, 119 S.Ct. 236, 142 L.Ed.2d 194 (1998), as concerns section 92.50(3) and was rejected by the Supreme Court. We therefore conclude that the oath administered by the deputy clerk in Miami-Dade County, Florida was valid.
THE CONFRONTATION ISSUE
In Harrell, the Supreme Court of Florida addressed the use at trial of live, satellite transmitted testimony, and whether such testimony violated the Sixth Amendment of the United States Constitution or Article I, Section 16 of the Florida Constitution where the witnesses resided in a foreign country and were unable to appear to testify in court. Although the Court was “unwilling to develop a per se rule that would allow the vital fabric of physical presence in the trial process to be replaced at any time by an image on a screen,” Id. at 1368, it concluded that the satellite procedure can be approved as an exception to the Confrontation Clause under certain circumstances. Id. at 1369. In an effort to provide a workable formula for determining when the satellite procedure should be allowed, the Court drew on the requirements of Florida Rule of Criminal Procedure 3.190(j) for the perpetuation of testimony and stated that where a party in a criminal case moves
to present testimony via satellite transmission, it is incumbent upon the party bringing the motion to (1) verify or support by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing and (2) establish that the witness’s testimony is material and necessary to prevent a failure of justice. Upon such a showing, the trial judge shall allow for the satellite procedure.
Id. at 1371. In the present case, the trial court erroneously concluded that the witness was outside its jurisdiction. As observed by the Supreme Court in Harrell, there are procedures whereby Florida can subpoena witnesses who live in other states in this country. See Harrell, 709 So.2d at 1369 n. 5; §§ 942.01-.06, Fla. Stat. (1997); see also Barber v. Page, 390 U.S. 719, 723 n. 4, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). We therefore first focus our analysis on whether the witness in question “may be unable to attend or be prevented from attending a trial or hearing.” Harrell, 709 So.2d at 1371.
*1175 We note that Harrell was not published by the Florida Supreme Court until after the defendant herein had been found in violation of his probation and sentenced thereon. Accordingly, the state did not file a motion in the manner subsequently set forth in Harrell. The procedure employed, however, was similar to that explained in Harrell and was functionally indistinguishable. Before Ms. Lima was asked any questions regarding the substance of the allegations against the defendant, but after she had been sworn, she testified that her leg was permanently injured as a result of a motorcycle accident. As a consequence of her injury she needed to wear a special brace and was unable to carry her children. Accordingly, she needed to travel with another adult to help her. She further testified that she had no one she could leave her children with in Pennsylvania. Finally, she said that her injury affects her ability to travel in that she is unable to walk long distances.
Defense counsel then cross-examined the witness and elicited the fact that she had traveled to West Palm Beach for a bond hearing and to New Orleans and Texas. She further testified that she could have come to Miami to testify if she had a babysitter, but that she did not trust anyone enough to allow them to care for her very young children. She explained' that she traveled alone to West Palm Beach and that she had traveled with her children and her cousin to both New Orleans and Texas.
The defendant’s testimony subsequently confirmed that Ms. Lima had been involved in a motorcycle accident and had suffered severe and painful injuries which required multiple surgeries, including a bone graft to replace four inches of bone.
We find this sworn testimony to be the functional equivalent of the Harrell requirement for verification and further conclude that the witness was “unable to attend” the hearing. Contrary to the defendant’s claim that the witness’s “child care problem” was the sole reason for her not appearing personally at the hearing, it is clear that the witness had suffered serious injuries which impaired her ability to get around. Although she was ambulatory and capable of travel, she could only do so while experiencing discomfort, taking her two children along and with the help of her cousin, or another adult. We do not read Harrell to say that a witness’s pain and discomfort are irrelevant to this analysis and that such considerations must yield to the defendant’s right to physical confrontation so long as the witness can travel.
The second prong of the test set out. in Harrell, i.e. that the moving party “establish that the witness’s testimony is material and necessary to prevent a failure of justice,” has also been satisfied in this case. The witness was the victim of this incident of domestic violence and there was no other witness who could testify about the events which constituted the charged offense. Her presence was unquestionably necessary “to prevent a fail.ure of justice.”
As both prongs of the procedure set forth in Harrell were satisfied, we conclude that the testimony via satellite in this case constituted a permissible exception to the Confrontation Clause.
Affirmed.