KLEIN, J.
Appellant was convicted of burglary of a dwelling and dealing in stolen property. He argues that the trial court should not have allowed a witness who lived in Michigan to testify by live satellite video, but we affirm.
Appellant was charged with burglarizing a condominium owned by the father of the witness whose testimony is in dispute. There was no objection to the father, who was suffering from physical problems due to recent heart surgery, testifying live by satellite video from Michigan. The father’s son, who was also a witness, was taking care of his father in Michigan and running his father’s business.
Under Harrell v. State, 709 So.2d 1364 (Fla.1998), a party who wishes to present the testimony of a witness by satellite transmission must demonstrate that the witness is beyond the territorial jurisdiction of the court or unable to attend the trial, and that the testimony is material and necessary. The fact that a witness resides in a state other than Florida does not mean that the witness is beyond the territorial jurisdiction of Florida. Lima v. State, 732 So.2d 1173 (Fla. 3d DCA 1999). The issue here is whether the victim’s son was unable to attend.
The trial court concluded that, because of the frail condition of the victim, which necessitated that the victim’s son care for him personally as well as run his business, the requirement that the witness be unable to attend was satisfied.
In Lima the witness, who lived in another state, had a leg injury and two small children. She would not have been able to travel to the trial without the assistance of a third party. The third district concluded that there was no abuse of discretion, which is the standard of review under Harrell, in allowing the witness to testify by satellite video. We find no abuse of discretion in this case either.
We have considered the other issue raised by appellant and find it to be without merit. Affirmed.
STEVENSON and MAY, JJ., concur.