990 So.2d 1166 (2008)
The STATE of Florida, Petitioner,
v.
Ramiro Isidro VILLARREAL, Respondent.
No. 3D08-874.
District Court of Appeal of Florida, Third District.
September 10, 2008.
*1167 Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for petitioner.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for respondent.
Before COPE, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
The State of Florida seeks certiorari relief from the trial court's order granting the defendant, Ramiro Isidro Villarreal's, motion to allow defense witnesses (the defendant's two minor children) to testify via satellite from Ecuador. To invoke the certiorari jurisdiction of this Court, the State, as the petitioner, must demonstrate that the trial court's order departs from the essential requirements of law, resulting in a material injury for which there is no adequate remedy on appeal. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004); State v. Pettis, 520 So.2d 250 (Fla.1988) (upholding State's right to certiorari review of pretrial orders). We grant the petition for writ of certiorari and quash the order.

I. Factual and Procedural History

In 2004, the defendant was charged with the false imprisonment and sexual battery of his wife ("the victim"). Custody of their two minor children was granted to the victim in Family Court Case Number 04-4794. Thereafter, the minor children, who are residents and citizens of Ecuador, traveled to Ecuador, but failed to return despite the family court custody order. *1168 Since traveling to Ecuador approximately three years ago, the minor children have resided with the defendant's family.
The defendant filed a motion requesting that his daughter, Andrea, who is currently twelve years old, be permitted to testify by video recording, asserting that she is a material rebuttal witness because her testimony would contradict allegations made by the victim.
The State filed its response objecting to the defendant's motion, arguing, in part, that the defendant has subverted the family court order by not returning the children to the victim; Andrea is a hostile witness because she has been with the defendant's family in Ecuador for three years; it is impossible to determine whether Andrea's testimony would be given under oath; Andrea would not be subject to penalties for perjury because Ecuador will not extradite its citizens to the United States for perjury; and Andrea's unavailability to testify in the United States is due to the defendant's failure to sign the necessary documentation for Andrea to travel to the United States. In addition, the State, citing to section 92.54, Florida Statutes (2007), argued that the defendant's motion must be denied because he cannot establish that there is a "substantial likelihood" that Andrea "will suffer at least moderate emotional or mental harm due to the presence of the defendant" if she "is required to testify in open court," or that Andrea is unavailable, as defined by section 90.804(1), Florida Statutes (2007).
On October 5, 2007, the trial court conducted a hearing.[1] At the hearing, the trial court stated that it would issue appropriate protective orders that would allow Andrea to enter the United States to testify without being subject to the family court custody order, including providing Andrea with a guardian ad litem and a neutral residence.
On October 16, 2007, the parties appeared for a status report. The trial court entered an order that: (1) denied the defendant's motion for video recorded testimony of Andrea; (2) directed Andrea to attend and give testimony; and (3) suspended and superseded the family court custody order during the pendency of the criminal proceedings.
On December 19, 2007, the parties appeared before the trial court. Defense counsel informed the court that the family court judge would not allow the children to travel to Miami without being subjected to the family court order awarding the victim custody of the children. The defendant renewed his motion, but sought to have Andrea's testimony presented at trial via live satellite transmission from Ecuador. The trial court stated that it was granting the motion to protect the defendant's due process rights. The State objected.
On January 8, 2008, the defendant filed an amended motion for testimony and attendance of material witnesses, requesting that the October 16, 2007 order be amended to include the defendant's son, Ramiro, who is currently ten years old, because he also witnessed events that could exculpate the defendant. The trial court granted the motion.
On March 14, 2008, the trial court entered an order, nunc pro tunc to December 19, 2007, incorporating its ruling from the *1169 December 19, 2007 hearing, and allowing the minor children to testify via satellite from Ecuador. The State seeks the issuance of a writ of certiorari and quashal of the trial court's order.

II. Legal Analysis

The trial court's order allowing the defendant's minor children to testify via satellite from Ecuador cites to section 92.54, which provides in part as follows:
(1) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child ... will suffer at least moderate emotional or mental harm due to the presence of the defendant if the child ... is required to testify in open court, or that such victim or witness is unavailable as defined in s. 90.804(1), the trial court may order that the testimony of a child under the age of 16 ... who is a victim or witness be taken outside of the courtroom and shown by means of closed circuit television.
....
(5) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.
In the instant case, section 92.54 is inapplicable because the defendant's motion does not allege that the "harm" the children would suffer would be as a result of testifying in the presence of the defendant. Rather, the defendant contends that the children would suffer "harm" if returned to the victim upon entering the United States, as required by the family court custody order. Therefore, section 92.54 does not apply.
We also find that, contrary to the defendant's assertion, the minor children are not unavailable as defined by section 90.804(1), because the minor children's inability to be present "is due to the procurement or wrongdoing of the party who is the proponent of his or her statement in preventing the witness from attending or testifying." Section 90.804(1) provides:
(1) DEFINITION OF UNAVAILABILITY."Unavailability as a witness" means that the declarant:
(a) Is exempted by a ruling of a court on the ground of privilege from testifying concerning the subject matter of the declarant's statement;
(b) Persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so;
(c) Has suffered a lack of memory of the subject matter of his or her statement so as to destroy the declarant's effectiveness as a witness during the trial;
(d) Is unable to be present or to testify at the hearing because of death or because of then-existing physical or mental illness or infirmity; or
(e) Is absent from the hearing, and the proponent of a statement has been unable to procure the declarant's attendance or testimony by process or other reasonable means.
However, a declarant is not unavailable as a witness if such exemption, refusal, claim of lack of memory, inability to be present, or absence is due to the procurement or wrongdoing of the party who is the proponent of his or her statement in preventing the witness from attending or testifying.
(Emphasis added).
Because the family court granted custody of the minor children to the victim, the defendant refuses to execute the necessary documents to permit the minor children to return to the United States, and the minor children's absence is due to the defendant's own wrongdoing and/or inaction, the trial court erred in determining that the *1170 defendant's minor children were "unavailable," and in granting the defendant's motion to allow the children to testify via satellite transmission.
Although we conclude that section 92.54 does not apply in the instant case because the defendant does not allege that his minor children will suffer at least moderate emotional or mental harm if they are required to testify in open court due to the defendant's presence, and the children are not "unavailable" pursuant to section 90.804 due to the defendant's own actions, we have also looked to Florida Rule of Criminal Procedure 3.190(j). Although rule 3.190(j) pertains to a "Motion to Take Deposition to Perpetuate Testimony," not a motion to allow a witness to testify via satellite, in Harrell v. State, 709 So.2d 1364 (Fla.1998), a case in which the State sought to introduce the testimony of two victims via satellite from Argentina,[2] the Florida Supreme Court found that "depositions to perpetuate testimony are analogous to the satellite procedure." Id. at 1370. In fact, the Court specifically held that "the proper approach for determining when the satellite procedure is appropriate involves a finding similar to that of rule 3.190(j) of the Florida Rules of Criminal Procedure." Id. Rule 3.190(j) provides in pertinent part as follows:
(j) Motion to Take Deposition to Perpetuate Testimony.
(1) After the filing of an indictment or information on which a defendant is to be tried, the defendant or the state may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness's testimony is material, and that it is necessary to take the deposition to prevent a failure of justice....
....
(6) No deposition shall be used or read into evidence when the attendance of the witness can be procured. If the court determines that any person whose deposition has been taken is absent because of procurement, inducement, or threats of any person on behalf of the state or of the defendant or of any person on the defendant's behalf, the deposition shall not be *1171 read in evidence on behalf of the defendant.
(Emphasis added).
In the instant case, the defendant argues that the trial court did not depart from the essential requirements of law by granting his motion to allow the minor children to testify via satellite from Ecuador because the children "reside[ ] beyond the territorial jurisdiction of the court," the minor children's "testimony is material," and the testimony "is necessary ... to prevent a failure of justice," citing to rule 3.190(j)(1). The defendant, however, ignores subsection (6) of rule 3.190(j), which provides that "[n]o deposition shall be used or read into evidence when the attendance of the witness can be procured," and that if the witness is absent because of the "inducement" of "the defendant or of any person on the defendant's behalf, the deposition shall not be read in evidence on behalf of the defendant."[3] (Emphasis added). Thus, to allow a defense witness to testify via satellite, the trial court must not only determine that subsection (1) of rule 3.190(j) is satisfied, see Slawinski v. State, 895 So.2d 483, 484 (Fla. 4th DCA 2005) ("Under Harrell v. State, 709 So.2d 1364 (Fla. 1998), a party who wishes to present the testimony of a witness by satellite transmission must demonstrate that the witness is beyond the territorial jurisdiction of the court or unable to attend the trial, and that the testimony is material and necessary."), it must find that the defendant's failure to procure the attendance of the witness at trial is not due to the actions of the defendant or by any person on the defendant's behalf.
In the instant case, there is no doubt that the absence of the defense witnesses (the defendant's two minor children who are under the control of his family in Ecuador despite the family court order granting custody to the victim) is due to the actions (or inactions) of the defendant, as he has refused to sign the necessary documentation to permit the children to travel to the United States. Based on the record before us, the defendant is the only person hampering the children's return to the United States. The defendant, who has ignored and continues to ignore the family court custody order, may not, pursuant to section 90.804(1) and rule 3.190(j)(6), be permitted to profit from his contemptuous behavior.

III. Conclusion

In conclusion, while we respect the trial court's admirable attempt to protect the defendant's due process rights, because the "unavailability" of the witnesses he seeks is due to his refusal to comply with the family court order to sign the necessary documents to bring his children to Miami and return them to the custody of their mother, the alleged victim in the instant case, we find that the trial court's order departs from the essential requirements of law, resulting in a material injury for which there is no adequate remedy on appeal. We, therefore, grant the petition for writ of certiorari and quash the trial court's order granting the defendant's motion to allow defense witnesses (defendant's two minor children) to testify via satellite from Ecuador.
Petition granted; order quashed.
NOTES
[1] The defendant's bail was conditioned on his compliance with the family court order for return of the children. At this hearing, the trial court deleted this condition. Thereafter, the guardian ad litem filed an emergency request for contempt enforcement in the family court, and the family court ultimately held the defendant in contempt of court for failing to sign the necessary documents to permit the return of the minor children to the United States.
[2] The facts in Harrell are as follows. Harrell was charged with robbing two tourists from Argentina. Prior to the victims' return to Argentina, one of the victims identified Harrell in a photographic lineup. The State filed a motion seeking to introduce the testimony of the two victims via satellite from Argentina, arguing that the satellite transmission was necessary because the victims were unable to be physically present at trial because of the distance between Argentina and the United States and the health problems of one of the victims. The trial court granted the State's motion, and the victims testified via satellite from Argentina. Harrell was found guilty, and he appealed his conviction to this Court. This Court affirmed, holding that the satellite procedure did not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution. Harrell v. State, 689 So.2d 400 (Fla. 3d DCA 1997). In addition, this Court certified the following question as being one of great public importance: "DOES THE ADMISSION OF TRIAL TESTIMONY THROUGH THE USE OF A LIVE SATELLITE TRANSMISSION VIOLATE THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, OR ARTICLE I, SECTION 16 OF THE FLORIDA CONSTITUTION, WHERE A WITNESS RESIDES IN A FOREIGN COUNTRY AND IS UNABLE TO APPEAR IN COURT?" Id. at 406. In the instant case, unlike in Harrell, the Confrontation Clause is not at issue because the defendant alleged in his motion that the minor children would testify in his favor.
[3] It is interesting to note that the definition of "unavailability" in section 90.804(1) is similar to the language used in rule 3.190(j)(6).