GERBER, J.
The defendant appeals his conviction for three counts of robbery with a firearm. He primarily argues that the trial court violated the Confrontation Clause by allowing the state to perpetuate the videotaped testimony of one of the three victims and present that videotaped testimony at trial. We agree with the defendant’s argument, reverse the defendant’s convictions, and remand for a new trial.
The victims told the police that they were walking down a street at night when a man approached them. One of the victims thought she recognized the man from far away, but when he got five to six feet away, she realized it was a different person. At that point, the man pulled his skullcap down to his eyebrows, pulled a bandana up over his mouth, and pointed a gun at them. The man robbed the victims and ran away. The victims called the police, but the police were unable to find the man.
Seventeen days after the robbery, a detective went to the defendant’s home to investigate an unrelated matter. The defendant allegedly gave the police a false name and consented to a search of his home. Inside the defendant’s bedroom, the detective found a box containing credit cards which belonged to one of the victims. The box also contained a document with the defendant’s correct name.
The police linked the credit cards to the robbery. Two months after the robbery, the police showed the victims a photo array. Two of the victims were unable to identify the defendant. However, the third victim, who thought she recognized the defendant as someone else on the night of the robbery, identified the defendant.
Based on that identification, the police suspected the defendant of having committed the robbery. The police found the defendant staying at a hotel several blocks from his home. When the police arrested the defendant, he allegedly said, “I’m glad you guys arrested me. I’m tired of running.” Then, according to the police, the defendant began to shake a little bit and said, “I’m in big trouble.”
On what was scheduled to be the trial’s first day (a Wednesday), the state notified the defense that it intended to call two of the victims as witnesses, including the victim who identified the defendant. That victim now lived out-of-state and was flying in that night. Defense counsel advised the court that, after the parties picked a jury that day, he intended to depose the victim who still lived locally, and also intended to depose the out-of-state victim that night or the following morning.
The trial court expressed concern about whether the parties could complete the trial by the following day (Thursday) as scheduled. The court stated that it had other hearings scheduled on Friday which it could not move, and it also was covering other judges’ dockets. The court indicated that it did not want to begin jury selection until the defense deposed the witnesses and filed any motions which may have arisen from the depositions. Based on this concern, the court, on its own motion, continued the trial until the following week.
The next day, the state filed a motion to perpetuate the out-of-state victim’s testimony. According to the motion, the victim informed the state that “she is unable to *681 travel again to Florida due to the economic hardship it would present her.” Attached to the motion was the victim’s affidavit, which alleged: she was not able to pay for transportation; she worked 43 hours per week and did not receive leave pay when she missed work; whenever she missed work, she was unable to pay her bills and expenses; and her family heavily depended on her assistance.
When the parties appeared before the trial court for the hearing on the motion, the court stated: “I’m not sure that the case law is [going to] allow me to do it.” The defense argued that economic hardship was not an exceptional circumstance to justify perpetuating testimony. The state responded that perpetuating the victim’s testimony would not prejudice the defense. However, the state conceded that it was not aware of a case which held that economic hardship alone was enough to justify granting the motion.
The trial court granted the motion, reasoning that the out-of-state victim “cannot afford to return to Florida for the trial and ... is a material witness.” In announcing its ruling, the court addressed the defense as follows:
I’ll note the defense objection but I’m going to overrule it. I do find that these are exceptional circumstances. Had we not been in a recession ... I would [have] made the State ... spend the money[.] [B]oth ... you and I and [the prosecutor] are all taxpayers here and we' have to be good stewards of the monies we ... have here. So that played a great role in my decision.
The parties then perpetuated the out-of-state victim’s testimony on videotape. The victim testified, among other things, that, while she remained in Broward County after the robbery, she saw the defendant in a local store three or four times. She testified she had a “gut feeling” that the defendant was the robber. However, she did not call the police.
At the trial, which occurred three weeks later, the state said: “I know Your Honor ruled on this, but just to make it clear for the record, [the out-of-state victim’s] situation has not changed, she’s still suffering economic hardship and I again would be moving to ... produce that testimony during trial.” The defendant renewed his objection. The court overruled the objection. The court reasoned: “[The victim’s] economic situation hasn’t changed, everybody is still struggling so I’m going to allow that testimony in.” The state played the victim’s videotaped testimony during its casein-chief. The jury found the defendant guilty as charged.
After the court sentenced the defendant, this appeal followed. The defendant argues that the trial court violated the Confrontation Clause by allowing the state to perpetuate the out-of-state victim’s videotaped testimony. We review the trial court’s decision for an abuse of discretion. See Hurst v. State, 18 So.3d 975, 1007 (Fla.2009) (“[T]he decision whether to grant a motion to perpetuate testimony lies within the discretion of the trial court.”) (citations and quotations omitted); Gonzalez v. State, 971 So.2d 891, 891 (Fla. 3d DCA 2007) (“[W]e cannot conclude that the trial court erred in its determination that the State’s witness was unavailable to testify in person at trial.... Thus, the court did not abuse its discretion when it admitted this witness’s perpetuated deposition testimony.”).
We agree with the defendant’s argument. The United States Constitution’s Sixth Amendment’s Confrontation Clause provides: “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with witnesses against *682 him.... ” According to our supreme court, the Confrontation Clause ensures:
(1) that the witness will give the testimony under oath, impressing upon the witness the seriousness of the matter and protecting against a lie by the possibility of penalty of perjury, (2) that the witness will be subject to cross-examination, and (3) that the jury will have the chance to observe the demeanor of the witness, which aids the jury in assessing credibility.
Harrell v. State, 709 So.2d 1364, 1368 (Fla.1998).
However, the court also has held that the right to physically confront accusers is not absolute. Id. “In order to qualify as an exception, the procedure must (1) be justified, on a case-specific finding, based on important state interests, public policies, or necessities of the case and (2) ... satisfy the other three elements of confrontation—oath, cross-examination, and observation of the witness’s demeanor.” Id. at 1369.[1]
As a recognition of the Confrontation Clause exception, Florida Rule of Criminal Procedure 3.190(i) (2010) permits parties to file a motion to perpetuate a witness’s testimony by deposition. Rule 3.190(f)(1) requires the movant to show by verified application or affidavit “that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness’s testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.” Rule 3.190(i)(6) adds that “[n]o deposition shall be used or read into evidence when the attendance of the witness can be procured.”
Here, we conclude that the motion and the affidavit were insufficient to satisfy the Confrontation Clause exception and rule 3.190(i). According to the motion, the victim advised the state that “she is unable to travel again to Florida due to the economic hardship it would present her.” The victim’s affidavit alleged: she was not able to pay for transportation; she worked 43 hours per week and did not receive leave pay when she missed work; whenever she missed work, she was unable to pay her bills and expenses; and her family heavily depended on her assistance.
What is missing from the motion and affidavit is any explanation of why the state could not have remedied the out-of-state victim’s alleged economic hardship. That is, the victim did not quantify the cost of her transportation, travel-related expenses, and presumed one day’s lost pay, and the state did not explain why it was unable to pay those costs when various statutes allow for such payments. See § 29.005(3), Fla. Stat. (2010) (the expenses of state attorneys’ offices to be provided from state revenues include “[witnesses ... summoned to appear for ... trial in a case when the witnesses are summoned by a state attorney”); § 92.142(1), Fla. Stat. (2010) (“A witness in a criminal case required to appear in a county other than the county of his or her residence and residing more than 50 miles from the location of the trial shall be entitled to per diem and travel expenses at the same rate provided for state employees under s. 112.061, in lieu of any-other witness fee.”); § 112.061(6), Fla. Stat. (2010) (the traveler has the option of selecting a $80 per diem rate or, if actual expenses exceed $80, a set amount for each of breakfast, lunch, and dinner, plus actual expenses for lodging at *683 a single-occupancy rate); §§ 112.061(7) & (8), Fla. Stat. (2010) (providing for reimbursement of transportation and other travel-related expenses). As a result, the state did not meet its burden of demonstrating that the victim’s perpetuated testimony was justified “based on important state interests, public policies, or necessities of the case” or “necessary ... to prevent a failure of justice.” Harrell, 709 So.2d at 1369; Fla. R. Crim. P. 3.190(i)(l). Further, the state did not meet its burden of demonstrating that the victim’s attendance could not be procured. Fla. R. Crim. P. 3.190(i)(6). See also McMillon v. State, 552 So.2d 1183, 1185 (Fla. 4th DCA 1989) (prosecutor’s statement that a witness could not travel due to infirmities, when defense counsel did not agree with the state’s assessment of the witness’s condition and the prosecutor admitted he had not recently been in contact with the witness’s doctor, was an inadequate foundation to prove the witness’s inability to appear at trial).
For the same reasons stated in the previous paragraph, the trial court’s finding of fact that the out-of-state victim “cannot afford to return to Florida for the trial” is not supported by competent, substantial evidence. Without any explanation of why the state could not have remedied the out-of-state victim’s alleged hardship, no evi-dentiary basis exists for the court’s finding of fact. Also unpersuasive is the court’s reasoning that “[h]ad we not been in a recession ... it [would] have made the State ... spend the money ... [because] we have to be good stewards of the monies ... we have here.” No case-specific evi-dentiary basis exists to suggest that if the court required the state to spend the money to ensure the victim’s attendance, the state would have been unable to do so in this case. Cf. Still v. Justice Admin. Com’n, 82 So.3d 1168, 1169-70 (Fla. 4th DCA 2012) (quashing a trial court’s order limiting defense counsel’s attorney’s fees for representing an indigent defendant after the court expressed concern “about whether the State of Florida could afford to pay the fees sought given the economy”; “While the trial court’s concerns as to the State’s financial condition were obviously well intended, it must be recognized that matters of appropriation and adequacy of state funds are legislative functions and not judicial.”).
The cases citing circumstances justifying exceptions to the Confrontation Clause are distinguishable. The exceptions in those cases generally involve the witness’s health or the witness’s family’s health. None of those cases involve pure economic hardship and the state’s inability to remedy such hardship. See, e.g., .Gonzalez, 971 So.2d at 891) (trial court did not err in allowing the state to admit a witness’s perpetuated testimony due to the witness’s advanced age and illness); Slawinski v. State, 895 So.2d 483, 484 (Fla. 4th DCA 2005) (trial court did not abuse its discretion in allowing an out-of-state witness to testify by live satellite video because the witness’s father’s frail condition required the witness to care for his father personally and run his business); Lima v. State, 732 So.2d 1173, 1174-75 (Fla. 3d DCA 1999) (trial court correctly allowed the out-of-state victim to testify via satellite because the victim had a permanent injury to her leg from a motorcycle accident, needed to wear a special brace, could not walk long distances, could not carry her children, needed another adult to help her travel, and did not have a person with whom to leave her children).
The state argues that the trial court’s error was harmless for two reasons: (1) during the out-of-state victim’s perpetuated testimony, the defendant rigorously cross-examined her; and (2) the *684 videotaped testimony allowed the jury to evaluate the victim’s credibility and demeanor. Those reasons, however, address only Harrell’s second prong regarding satisfaction of the oath, cross-examination, and observation of the witness’s demeanor, and not Harrell’s first prong requiring the justification of important state interests, public policies, or necessities of the case. Moreover, the state has not met its burden of proving “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). The victim’s perpetuated testimony provided the only identification of the defendant as the robber, which surely contributed to the conviction.
Based on the foregoing, we reverse the defendant’s convictions and remand for a new trial.

Reversed and remanded for a new trial.

[2]

MAY, C.J., concurs.
HAZOURI, J., concurs specially with opinion.

. Although the Harrell court articulated this exception in the context of a live testimony by satellite case, the court observed that "depositions to perpetuate testimony are analogous to the satellite procedure.” 709 So.2d at 1370.

. For purposes of the new trial, we have considered the defendant’s evidentiary arguments on appeal and conclude without further discussion that those arguments lack merit.